GRIGG & FINCH vs. BODRIO.

1. A party who is liable to be called on as a witness, by his adversary, in a justices' court, is equally liable in the circuit court on an appeal.

2. Where there are more than one plaintiff or defendant to a suit, originating in a justices' court, and the testimony of such parties is desired, all should be required to testify. The testimony of those required to testify, or in the event of their refusal, then the testimony of the opposite party can only be used against such as are called upon to testify, and is no evidence against the others.

APPEAL from St. Louis Court of Common Pleas.

NAPTON, J. delivered the opinion of the court.

Bodrio sued Grigg & Finch, before a justice of the peace, on an account for work and labor, amounting to ninety dollars. A verdict was given in his favor for eighty dollars, before the justice, and a judgment accordingly, from which Grigg & Finch appealed. In the court of common pleas, Bodrio obtained a verdict for $97 22, and a judgment was rendered for the amount, and costs. From this judgment an appeal is taken to this court.

On the trial before the court of common pleas, the plaintiff failing to make out his case, called upon one of the defendants, Grigg, who had been regularly subpoenaed for that purpose, and who had testified upon the trial before the justice. Grigg not appearing, the court permitted the plaintiff himself to testify. To this the defendant excepted.

It appeared from the testimony of the plaintiff, that in December, 1842, he commenced the manufacture of smut machines for the defendants; that the bill upon which this suit was instituted was correct; that the defendants owed him more than one hundred dollars on account

of his work, but in order to bring the amount within the jurisdiction of the justice, he had reduced it to ninety dollars ; that the plaintiff was to be allowed whilst employed in making smut machines, two dollars and fifty cents per day, and was to be paid whilst the machines progressed enough to support his family, the balance out of the proceeds of the sales of the machines ; that defendants sold two machines whilst plaintiff was in their employment, one for $150, and the other for $175 ; that defendants failed to furnish plaintiff with money enough to support his family ; that plaintiff was discharged by defendants.

The defendants then offered testimony to show that the plaintiff whilst employed by the defendants in the manufacture of smut machines, proposed to form a partnership with others, for the manufacture of similar machines.

The court directed the jury to disregard the testimony relative to propositions of partnership from the plaintiff to others, and instructed them that the plaintiff was entitled to recover the amount of wages agreed upon, if they believed there was such an agreement, and without reference to any misrepresentations, as to the value of the machines, or any proposals for partnership with others, &c.

No particular objections have been suggested to the instructions of the court, nor have any occurred to the court in looking over the record. The principal error assigned, and the only one we presume, designed to be urged, is the permission given to the plaintiff to testify in his own behalf. This point is not without difficulties, depending as it does, entirely upon the construction of a statute, the language of which might admit of a construction either way.

The 16th and 17th sections, of the 5th article of the act concerning justices' courts, authorizing either party to a suit on a contract, to have the opposite party sworn, and if the opposite party refuses to testify, or being subpœnaed, refuses, or fails to attend the trial, the party so appealing to his adversary, is allowed to testify in his own behalf. But it is provided that after either party testifies, no other evidence in relation to the matter is admissible.

The first question which presents itself is, whether this rule of evidence is at all applicable in the circuit court? In the case of Martien vs. Burr, 5 Mo. Rep. 103, the court alluded to this question, but declined giving any opinion about it. We do not see any reasonable grounds for questioning this practice. When a case originally tried before a justice of the peace, is transferred to the circuit court, and is there tried *de novo*, the trial in the circuit court must necessarily be conducted upon the same principles which govern in the trial before

the justice. Whatever rules of evidence may therefore be prescribed by the statute, for the regulation and conduct of suits before the justice, must prevail in the appellate court to which suits are removed, and in which the party appealing gets merely the benefit of a new trial, before a more enlightened tribunal, without deriving any advantage from the errors which may have been committed to his prejudice by the magistrate.

We will take it for granted then, that if the provisions of the statute authorized the plaintiff to testify before the justice, the same circumstances would have warranted his admission in the court of common pleas. The question then recurs, is this a case within the statute?

The statute allows either party to rely, if he chooses, upon the conscience of the adverse party. This is obviously founded upon the principle, that the interest of the party thus appealed to, is decidedly against the party calling him, and if he testifies favorably to the party calling him, he is testifying against his own interest; if unfavorably, there is an end to the matter, as the plaintiff by calling him, admits his credibility and integrity. If the party so called on, refuses to testify, or fails to attend the trial, then the party calling him is permitted to make out his case by his own testimony. And this is clearly a mere incidental, or conditional privilege extended to him, on account of the conduct of his adversary, which affords a reasonable presumption from his silence, that his refusal to testify, arises from a consciousness that he cannot consistently testify to any thing favorable to himself.

So far this statute is plain enough: the difficulty arises in applying the provision to cases where there are several parties, on either side. Can the admissions of one defendant operate against his co-defendants, or which is the same in effect, will the absence, or refusal to testify, of one defendant, let in the evidence of the plaintiff? And if so, will such evidence be permitted to affect his co-defendants? Such a doctrine is certainly very repugnant to the general law of evidence; and unless it be very apparent that it was the intent of the Legislature to introduce this change, it would hardly be the duty of the courts to adopt such a construction. The law uses the word partly in its collective sense, as embracing all the individuals standing in the attitude of plaintiffs or defendants, and full effect will be given to the terms of the law, if the operation of the testimony admitted, be confined to the party who has been summoned and fails to attend, or who attends but refuses to testify. The testimony of the plaintiff in the present action, may have been admissible against Grigg, the defendant, who had been subpœnaed, just as the testimony of Grigg himself, would have been

evidence against himself; but neither the letter or policy of the statute requires us to hold, that such testimony should have any influence against Grigg's co-defendant, Finch.

Where then there are several parties on the same side, it is the duty of the party desiring to avail himself of the privilege conferred by this statute, to summon all of the adverse parties, and his right to testify himself, must depend upon the failure of some one of the parties summoned to attend the trial, or the refusal of some one of them to testify.

The case of Levy vs. Hawley, (8 Mo. Rep. 511) is not entirely like the present. In that case, James Edgar, against whom a judgment had gone, from which he did not appeal, was called on by the plaintiff to procure a judgment against Levy, who had been his co-defendant before the justice. Levy had summoned Edgar, and been permitted to sever from him in the appeal. So that the result of the trial in the circuit court, could in no way diminish Edgar's responsibility. Perry vs. Block, (1 Mo. Rep. 342.) The witness was manifestly interested in making levy share his responsibility, admitting as he had done, that he himself was at all events liable. The remarks of the court, however, in deciding against the admissibility of the witness were applicable to the facts now presented, and we still think, as we did then, that it was not the design of this statute, to permit the statements of one defendant to be used either directly or incidentally, to the prejudice of a co-defendant.

Judgment reversed, and cause remanded.